Haggerty v. The People.

indictment of a grand jury," etc., applies to presentments for crimes, without affecting the remedy by information, when it may be necessary to revert to it as a proceeding to enforce punishment already incurred under a prior conviction and sentence. There being no conflict with the Constitution in such a proceeding, and the common law being in force in this State, where not abrogated or changed by statute (Const., art. 1, § 17), the court proceeded according to law to determine the question whether the prisoner was the person who had been previously sentenced, and to direct that he be returned to the State prison to serve out the remainder of his time. The judge in his charge to the jury made some remarks in reference to the prisoner's not being a witness on his own behalf, but he subsequently expressly withdrew that part of the charge and told the jury that they were not to take it into consideration at all.

I am inclined to think that if there was any error in this respect, it was cured by the explanation which followed the charge, within the principle laid down in *Ruloff* v. *The People* (45 N. Y., 213).

As the Court of Sessions had jurisdiction and there was no error in the proceedings, they must be affirmed.

Proceedings affirmed.

---

THOMAS HAGGERTY, Plaintiff in Error, *v.* THE PEOPLE, Defendants in Error

No. 2.

(GENERAL TERM, THIRD DEPARTMENT, NOVEMBER, 1872.)

One who was convicted of a felony, and imprisoned, upon sentence, in the State prison for a term of years, escaped before the expiration of such term, and, after it would have expired, had he remained in custody, committed another felony. On being arrested and brought before the court which imposed the original sentence, that court ordered the execution of the remainder thereof. The accused, notwithstanding the objection that he was civilly dead, was put upon trial for the second felony, convicted thereof and sentenced therefor, the second term to commence at the expiration of the first. *Held*, that there was no error, and the conviction affirmed.

Haggerty *v.* The People.

THIS was a writ of error to review a conviction of the plaintiff in error for burglary. He was indicted for having, at the city of Albany, on the 16th day of December, 1871, burglariously entered the store of Francis Shields and Adam Shields, and stolen therefrom a quantity of pennies and other coins.

The trial was moved at the Albany sessions on the 14th of March, 1872, when Haggerty's counsel produced a record of proceedings in the same court the day before (see preceding case), showing that on the 18th of September, 1868, Haggerty was convicted of robbery in the second degree, and sentenced to confinement at hard labor in the State prison at Clinton for three years; that he was committed to said prison under and pursuant to such conviction and sentence; that on the 14th of October, 1869, while so confined, Haggerty violently escaped from the prison, and had ever since been at large. The Court of Sessions, on the 13th of March, 1872, ordered its former sentence to be executed, and that he be remanded to the prison, and there confined, and suffer imprisonment for a term equal to the portion of the three years he had not suffered.

Haggerty's counsel, upon that record, objected to his being tried for the burglary committed by him after his escape and while at large, in December, 1871, on the ground that he was civilly dead and could not be tried. The court overruled the objection and exception was taken. The trial then took place.

The jury found him guilty, and he was sentenced to the State prison at Clinton for two years, to commence at the expiration of the first term of imprisonment to which he had been adjudged, and prisoner's counsel sued out a writ of error.

*Jacob H. Clute*, for the plaintiff in error. The defendant was civilly dead. (3 R. S., 5th ed., p. 988, §§ 29, 30, 33; *O'Brien* v. *Hagan*, 1 Duer, 664; 1 Parker Cr., 374.)

The defendant, when his trial was moved, was under sentence, and, while under sentence, could not be tried for any offence committed before the first sentence. (3 R. S., title 7,

part 4, chap. 1, § 11, 5th ed.; Archibold's Crim. Prac., pp. 676 and 678.)

*Nathaniel C. Moak*, district attorney, for the defendant in error. 1st. One who has been convicted of a felony and sentenced to imprisonment is not civilly dead, so far as proceedings against him are concerned. As a defendant he may be served with process in the State prison and a valid judgment rendered against him. (*Davis* v. *Duffie*, 3 Keyes, 606; 8 Bosw., 617.) As a part of his punishment he is deprived of certain rights. Neither an individual nor the State loses any against him.

The language of the statute (2 R. S., 701, § 19; 2 Edm. St., 724) is as follows: "Section 19. A sentence of imprisonment in a State prison, for any term less than for life, suspends all the civil rights of the person so sentenced, and forfeits all public offices and all private trusts, authority or power during the term of such imprisonment."

2d. It was urged in the Sessions that under the statute (2 R. S., 700, § 11; 2 Edm. St., 723)—which provides that "When any person shall be convicted of two or more offences before sentence shall be pronounced upon him for either offence, the imprisonment to which he shall be sentenced upon the second or other subsequent conviction shall commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second term of imprisonment, as the case may be"—the defendant could not be tried for an offence committed by him subsequent to the first conviction and sentence. This point was not well taken.

Mr. Bishop (1 Bish. Cr. Law, 5th ed., § 953; 4th ed., § 731) lays down the rule thus: "When a prisoner, under an unexpired sentence of imprisonment, is convicted of a second offence, or when there are two or more convictions on which sentence remains to be pronounced, the judgment may direct that each succeeding period of imprisonment shall commence on the termination of the period next preceding; a doctrine,

however, which has been latterly, it is believed without due consideration, denied in Indiana; and if, in such a case, the earlier period is afterward shortened by a pardon of the offence, or a reversal of the sentence on writ of error, the next following one commences immediately, the same as if the earlier were ended by lapse of time."

Again he says (1 Bish. Crim. Proc., § 1139, 2d ed.; § 878, 1st ed.), " Though the sentence to imprisonment ought properly to specify at what time it is to be carried out, yet time is not of the essence of such a sentence.    Therefore, where a defendant, who had been convicted of an assault, was sentenced to be imprisoned for two calendar months 'from and after the first of November next,' but did not go into prison according to the sentence ; and, at a subsequent term, it was directed that the sentence for two months' imprisonment be immediately executed, the proceeding was held to be correct. Hence, also, we have the doctrine, already mentioned, that if the prisoner was previously sentenced to a period of imprisonment, a second sentence, for another offence, may be made by the court to commence when the former shall have expired."

In *The King* v. *Bath* (1 Leach, 4th ed., 441) it was held that " a sentence of transportation may be a second time passed upon a prisoner, although the term for which he was before transported is unexpired." In *Russell* v. *Commonwealth* (7 Searg. & Rawle, 489) it was held that " When a person has been sentenced to hard labor on a former indictment, and the term of imprisonment is not yet expired, sentence of imprisonment at hard labor may be passed upon another indictment, to commence from the day on which the former sentence is to expire."

In *Ex parte Meyers* (44 Missouri, 279), the prisoner was convicted, at the March term, 1866, of grand larceny, and sentenced at the same term to imprisonment for two years. Instead of being sent to the penitentiary, so his time would be running, he was detained in jail until May term, and then tried upon another indictment, for an offence committed

Haggerty v. The People.

before the first trial. - The court very properly held that such injustice could not be perpetrated under the statute of that State, similar to our own. In this case, however, the offence was committed after the former conviction. The precise question here involved came up in the same State in *Ex parte Brunding* (47 Missouri, 255), where a prisoner, before the expiration of his term, escaped, committed another crime while at large, was convicted and sentenced therefor, although still under sentence for his first offence. The court held the second conviction legal, and that the term thereof commenced at the expiration of the first. The court said: " The petitioner asks to be discharged from the custody of the warden of the penitentiary, on the ground that the time for which he was lawfully imprisoned has expired. The facts are these: In 1864 he was indicted for two separate offences, in the St. Louis Criminal Court, and convicted and sentenced to two years' imprisonment in the penitentiary for each offence. Before the expiration of the term of his imprisonment he unlawfully made his escape ; and, while so absent and running at large, he committed the offence of grand larceny, was indicted, convicted, sentenced, and again returned to the penitentiary. He has duly served out the time for which he was sentenced under the first two convictions, and is now detained for the last. This detention he alleges to be illegal, for the reason that he was already under sentence. We do not see that the statute (1 Wagn. Stat., 513, § 9), nor the case of *Ex parte Meyers* (44 Mo., 279), and *Ex parte Turner* (45 id., 331), have anything to do with the case here presented. The statute provides that where a prisoner is convicted of two or more offences at the same term, the conviction in all the cases must precede the sentence in either. But here the prisoner was not in actual custody. He had escaped and was free, and, true to his nature, he could not enjoy liberty without committing crime; and to say that, under such circumstances, there is no law to justify his punishment, is rather a startling proposition. Establish the doctrine that an escaped convict may commit any crime, and that he cannot be tried and pun

ished because he rightfully ought to be in the penitentiary instead of running at large, and it will lead to the most disastrous results.    I am not aware of any statutory provision to support such a principle, and the counsel have referred to none.

"It seems to be settled that a prisoner under an unexpired sentence of imprisonment, where he commits an offence, may be convicted, and that the succeeding period of imprisonment will commence on the termination of the period next preceding.    (1 Bish. on Crim. Law, § 731, note; 1 Bish. on Crim. Pr., § 878.)    It follows that the petitioner is not entitled to his discharge, and that he must be remanded."

The heinousness of the offence committed after the first conviction cannot change the rule of law.    In the case of the *State* v. *Connell* (49 Mo., 282), the defendant, while in confinement under a conviction for murder, killed a fellow-convict.    He was indicted, tried and sentenced to be hung. On appeal he urged, among others, the same point as that here taken.    It was overruled, the court (p. 285) saying: "The record shows that the plaintiff in error is a convict in the State penitentiary; that he committed a willful murder in Boone county, for which he was tried, condemned and sentenced to be hung; and that upon certain representations his punishment was commuted by the governor to imprisonment for life in the State penitentiary.    After he was imprisoned in the penitentiary, he killed Lafayette Burns, a fellow-convict, for which killing he was indicted in the Cole County Circuit Court, and upon his trial was found guilty of murder in the first degree, and he has brought his case to this court by writ of error."    After discussing an objection to the formation of the grand jury which found the indictment, the court (pp. 288–290) proceeds: "The next question presented for our inquiry is the jurisdiction of the court. The ground is assumed that, because the plaintiff in error, is an inmate of the penitentiary, under sentence for life, he is not amenable to the courts of the country, and is not punishable for his criminal acts while in actual confinement.    This

Haggerty v. The People.

argument is based on the idea that, as he is civilly dead, he is not responsible for anything he may do while his liability continues. The case of *Ex parte Meyers* (44 Mo., 279) and *Ex parte Brunding* (47 Mo., 255) have no bearing on the question presented here. The Meyers case was decided upon the statute. The criminal court had sentenced the defendant at one term, and then held him in custody on another indictment and tried and sentenced him at a subsequent term, and he was sent up and imprisoned on both sentences. We held that, under the provisions of the statute, the last conviction was wrong ; that the law required that when there were two convictions they must both be obtained at the same term, and take place before the sentence is pronounced in either case. In Brunding's case the prisoner was confined in the penitentiary and escaped, and committed another crime while out, for which he was indicted, tried, convicted and again sent to prison. When he was placed in the hands of the officers they recognized him and compelled him to serve out his unexpired term, and then held him to serve out his last sentence.

" This we held that they had a right to do ; and we maintain the doctrine that where a prisoner, under an unexpired sentence, commits an offence, he may lawfully be convicted thereof, and that the succeeding period of imprisonment will commence on the termination of the period next preceding. It will be perceived that both convictions were of the same grade, punishable in the penitentiary, and were for defined and limited periods. But had the first sentence been for life, we cannot see that it would have precluded the second conviction.

" The executive might have pardoned the prisoner for the first offence, and in that case he would be immediately held on the second sentence. But the question here presented is a wholly different one. It is whether a criminal confined for one crime, who commits another and a greater crime, to which the law affixes a severer penalty, shall escape his merited punishment. To say that he has an entire immunity

is a proposition monstrous in itself. Notwithstanding a man may be sentenced and imprisoned for a criminal offence, he is still aménable to and under the protection of the law. Though laboring under disabilities as to his civil rights, the law assumes over him a control and guardianship. He is criminally answerable for his acts, and he is protected from injury or violence. The law regards him still as a living human being and as a responsible agent. The statute declares that the person of a convict sentenced to imprisonment in the penitentiary is under the protection of the law, and any injury to his person, not authorized by law, shall be punishable in the same manner as if he was not sentenced or convicted. (Wagn. Stat., 515, § 23.) The provision for punishment applies to all who commit the offence and injury, whether it be a fellow-convict or any other person. As further authority showing that the statute clearly makes convicts responsible for crimes committed while serving their time in the penitentiary, it is only necessary to refer to the article on the treatment and conduct of convicts. Section 14 of that act provides that whenever any convcit confined in the penitentiary shall be considered an important witness in behalf of the State, upon any criminal prosecution against any other convict, he shall be brought out on *habeas corpus* to testify.

Section 15 declares that such convict may be examined, and shall be considered a competent witness against any fellow-convict for any offence committed while in prison. (Wagn. Stat., 989, §§ 14, 15.) These provisions all plainly show that the statute holds to accountability convicts committing crimes, in the same manner as other persons. And where a prisoner is under sentence for one crime, it is no bar to his trial, conviction and sentence for another and higher grade of crime, committed while he is undergoing imprisonment for the first. This was always the doctrine under the common law. While the courts held that the plea *autrefoit attaint*, or a former attainder, was a good plea in bar, whether it was for the same or any other felony, yet there were certain well-recognized and established exceptions to the rule, among which were that

Haggerty *v.* The People.

an attainder in felony was no bar to an indictment for trea-son, because the judgment and manner of death was different and the forfeiture was more extensive. Another exception which obtained was that where a person attainted of any felony was afterward indicted as principal in another, in which there was also accessories prosecuted at the same time. In that case it was held that the plea of *autrefoit attaint* was no bar, but that he should be compelled to take his trial for the sake of public justice, because the accessories to such second felony could not be convicted until after the conviction of the principal. Hence follows the rule that a plea of *autrefoit attaint* was never good but when a second trial would be superfluous. (4 Sharsw. Blackst., 336.) It is well known that many of the convicts are employed outside the prison walls, in the public streets. Should one of them, while thus employed, kill an innocent citizen passing by, will it be for a moment contended that he could not be punished for the last great offence? The denial of this would be so startling as to shock the moral sense. And yet the person of the convict is just as much under the protection of the law as that of the purest citizen, and he is alike shielded from violence and injury. In any aspect or view of the case I can see nothing to prevent a convict in the penitentiary from being prose-cuted or punished for the commission of a crime while he is serving out his sentence. I think, therefore, that the court had full jurisdiction, and proceeded regularly."

In *Dolan's Case* (101 Mass., 219), Dolan escaped from State prison, was tried for the escape before being returned, and sentenced for one year, to commence at the expiration of the first sentence. The second trial and conviction was held legal.

The proceeding to return Haggerty under his former sen-tence was not a trial for the offence for which he was liable to be imprisoned under that sentence. (1 Bish. Crim. Proc. 2d ed., §§ 1208–1212.)

In the *King* v. *Okey* and others (1 Levinz, 61), it is said, " whereupon they pleaded that they were not the persons,

and issue was taken thereon and a jury returned immediately to try it, which was done, and they were not permitted to challenge peremptorily, *for they are not now to be tried for the treason*, but only of the identity of persons." In a note to *Sir Charles Ratcliffe's Case*, in 18 Howell, State Trials, 438, giving the case from the records of the court, it is said the accused was denied a peremptory challenge; "this being a proceeding very different from the trial upon a not guilty, in an original prosecution on a charge of high treason or other crime, the identity of the person being the single fact to be inquired of, and a case in which the crown had a right by law to proceed instanter." Indeed, the proceeding was not a trial for any crime, nor was defendant sentenced for any. The trial took place and the sentence was imposed in 1868. Haggerty not having suffered the imprisonment imposed, the court was simply asked to enforce its former judgment.

Present—Miller, P. J.; P. Potter and Parker, JJ.

The court, after consultation, without delivering a written opinion, affirmed the judgment of the Court of Sessions.

---

William H. Bailey, Appellant, *v.* Julia C. Southwick and others, Respondents.

(General Term, Third Department, March, 1872.)

Certain real estate was devised to J. C. S., a daughter of testator, "subject to the following condition and contingency: That said gift is made and given to her and her direct lineal descendants, should she have any, in fee simple absolutely; but in the event that she shall die, leaving no children, or descendants of any children, then * * * to the children of the survivor or survivors of my children (naming them) equally, share and share alike, &c." J. C. S. deeded the premises to plaintiff in fee, who, having been in possession more than three years, brought this action to obtain a construction of the will as to the title said J. C. S. obtained under such devise, making J. C. S. and her children (some of whom were infants) parties defendants, and alleging that her estate was a fee